QUESTIONS: 1. What is required by way of attesting witnesses to the elector's certificate required by s. 101.64(1)(c), F.S., in view of the amendments to ss. 101.64 and 101.65, F.S., brought about by Ch. 75-174, Laws of Florida? 2. Must the elector's certificate required by s. 101.64(1)(c), F.S., be executed before a notary public? 3. May a notary public serve as a sole attesting witness to the elector's certificate required by s. 101.64(1)(c), F.S.? 4. What entry, if any, should be made on the line following the words "my commission expires" when a supervisor of elections or a deputy supervisor of elections serves as a sole attesting witness to the elector's certificate required by s. 101.64(1)(c), F.S.?
SUMMARY: Under s. 101.65(2), F.S., as amended by Ch. 75-174, Laws of Florida, only a supervisor of elections or a deputy supervisor of elections can serve as a sole attesting witness to the elector's certificate required by s. 101.64(1)(c), F.S. However, any two persons 18 years of age or older may serve as attesting witnesses to such certificate in lieu of a supervisor of elections or deputy supervisor of elections. There is no requirement that the elector's certificate required by s. 101.64(1)(c), F.S., be executed before a notary public, nor is a notary public authorized to serve as a sole attesting witness to such certificate. A supervisor of elections who serves as a sole attesting witness to such certificate should include, after the words "My Commission Expires," the date upon which his or her commission will expire. Until otherwise judicially or legislatively clarified, a deputy supervisor of elections who serves as a sole attesting witness to such certificate should include, after the words "My Commission Expires," the following: "Serving at the pleasure of the Supervisor of Elections, whose commission expires (date)." AS TO QUESTION 1: Prior to the amendments wrought by Ch. 75-174, Laws of Florida, the instructions to absent electors in s. 101.65(1), F.S., included, among others, the following: Fill out the "Elector's Certificate" on the back of the envelope, sign, and have the envelope signed by either one attesting witness authorized to serve as a witness by subsection (2), a copy of which is enclosed, or by two attesting witnesses of your choosing. (Emphasis supplied.) And subsection (2) of s. 101.65, F.S., referred to above, read as follows until amended by Ch. 75-174, supra: (2) Any person eighteen years of age or older may serve as an attesting witness required to witness the certificate prescribed above. Any notary public, United States postmaster, assistant United States postmaster, United States postal supervisor, United States postal superintendent of mails, United States postal clerk in charge, clerk in charge of a contract postal station, or officer having authority to administer an oath or take an acknowledgment may be the sole attesting witness if the absent elector chooses to have his certificate so attested. If a postmaster, assistant postmaster, postal supervisor, postal superintendent, postal superintendent of mails, postal clerk in charge, or clerk in charge of a contract postal station acts as an attesting witness, his signature on the elector's certificate must be authenticated by the cancellation stamp of his respective post office. If one of the other officers named acts as attesting witness, he shall affix his signature on the elector's certificate, together with his title and address, but no seal shall be required. If other persons serve as attesting witnesses, they shall affix their signatures on the elector's certificate, together with their addresses. The latter provision was amended by Ch. 75-174 to read as follows: (2)(a) Any person 18 years of age or older may serve as an attesting witness required to witness the certificate prescribed above. Persons serving as attesting witnesses shall affix their signatures on the elector's certificate, together with their addresses. (b) Any supervisor of elections or his deputy may serve as a sole attesting witness. And, for reasons which are not immediately apparent, Ch. 75-174 also amended subsection (1) of s.101.65 by deleting, inter alia, the language first quoted above. It is clear from the foregoing that the principal effect of the amendments to s. 101.65, F.S., brought about by Ch. 75-174, supra, was to bring about a change in the categories of officers who are authorized to serve as sole attesting witnesses to an absent elector's signature on the elector's certificate required by s. 101.64(1)(c), F.S. The amendment deleted all of the officers who were previously authorized to serve as sole attesting witnesses and substituted in their place "[a]ny supervisor of elections or his deputy." The 1975 amendments to s. 101.65(2), F.S., left unchanged the provision therein that "[a]ny person 18 years of age or older may serve as an attesting witness" to the elector's certificate required by s. 101.65(1)(c), F.S. Although the language of s. 101.65(1) which specifically required the signatures of two such witnesses was deleted by Ch. 75-174, supra, it is clear from the present language of s. 101.65(2) that such witnesses are not authorized to serve as sole attesting witnesses. Accordingly, it being clear that more than one such attesting witness is required, but there being no statutory provision requiring any particular number, two such witnesses would appear to be sufficient. This conclusion is reinforced by an absence of any evidence of a legislative intent to require more than was required under the prior statute in this respect, as well as by the fact that the amended form for the elector's certificate provided by s. 101.64(1)(c) — like the form prior to the 1975 amendments — only provides signature space for two attesting witnesses. In sum: Under s. 101.65(2), F.S., as amended by Ch. 75-174, supra, only a supervisor of elections or a deputy supervisor of elections can serve as a sole attesting witness to the elector's certificate required by s. 101.64(1)(c), F.S. However, any two persons 18 years of age or older may serve as attesting witnesses to such certificate in lieu of a supervisor of elections or deputy supervisor of elections. AS TO QUESTIONS 2 AND 3: Because of their similarity, these questions will be answered together. As noted in the answer to question 1, above, the amendments brought about by Ch. 75-174, supra, include the deletion of all of the officers who were authorized under the prior statute to serve as sole attesting witnesses. Among the officers who were so deleted are notaries public. Accordingly, it is clear that a notary public may no longer serve as a sole attesting witness to the elector's certificate required by s.101.64(1)(c), F.S. Further, as amended by Ch. 75-174, supra, ss.101.64 and 101.65, F.S., make no mention of notaries public. Thus, there is no basis upon which to conclude that the elector's certificate provided for by s. 101.64(1)(c) must be executed before a notary public. Examination of the records of proceedings before legislative committees indicates that consideration was given to imposing a requirement that such certificates be executed before a notary public, but no such requirement appears in the text of Ch. 75-174, nor is there anything in the language of the act which clearly shows such to have been the intent of the Legislature. It is true that Ch. 75-174 modified s. 101.64(1)(c) by adding the words "My Commission Expires" to the jurat at the end of the elector's certificate, which words are, by s. 117.07(1), F.S., made part of the jurat of a notary public. And although this addition to the jurat might at first blush suggest a legislative intention to permit or require attestation of the elector's certificate by a notary public, such suggestion appears to be conclusively dispelled by the deletion of notaries public from the class of officers authorized to serve as sole attesting witnesses and the absence of any mention of notaries public in ss.101.64 and 101.65. Accordingly, questions 2 and 3 are answered in the negative. AS TO QUESTION 4: As noted in the answer to questions 2 and 3 above, the elector's certificate provided by s.101.64(1)(c), F.S., was modified by Ch. 75-174, supra, by the addition of the words "My Commission Expires" to the jurat of the certificate immediately following the line designated for the signature and official title of an officer authorized to serve as a sole attesting witness. There is nothing in the title or text of Ch. 75-174 which provides any further guidance respecting this newly added language. However, it seems clear — particularly in light of the explanatory language which accompanies identical language in s. 117.07(1), F.S. — that the legislative intent was to require a statement of the expiration date of the commission of an officer who serves as a sole attesting witness to an elector's certificate. Accordingly, where a supervisor of elections serves as a sole attesting witness to such a certificate, the expiration date of such officer's commission should be entered following the words in question. With respect to a deputy supervisor of elections, it should first be noted that such deputies are appointed by the supervisor of elections and are subject to removal by same. Thus, such deputies have no commission for any specified term of office, but serve at the pleasure of the supervisor of elections. Accordingly, inasmuch as such deputies are not commissioned for a specific period the expiration of which is determinable in advance, it would appear that no entry is required following the words "My Commission Expires" when a deputy supervisor of elections serves as a sole attesting witness to the elector's certificate required by s. 101.64(1)(c), F.S. However, until this matter is further clarified by the courts or the Legislature, it is suggested — in an abundance of precaution — that where a deputy supervisor of elections serves as such attesting witness, he or she should make an entry following the words in question which entry should read: "Serving at the pleasure of the Supervisor of Elections, whose commission expires (date)." Although such entry would appear to be surplusage, unless and until otherwise judicially or legislatively clarified, its use is recommended to avoid the possibility of invalidation of an otherwise proper absentee ballot.